UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE GIACOMO, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| | ) |
|     Defendant | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

MICHELE GIACOMO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED ADJUSTMENT SERVICE, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Mahanoy City, Pennsylvania, 17948, at the time of the alleged harassment.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC., is a national debt collection company with its corporate headquarters located at 600 Coon Rapids Boulevard NW, Coon Rapids, Minnesota 55433.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

14. The alleged debt at issue, a Verizon telephone bill, arose out of transactions, which were primarily for personal, family, or household purposes.

15. Plaintiff never incurred any debts in connection with business or commercial activities and, therefore, the debt, if truly an obligation owed by her, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

16. The debt Defendant was seeking to collect is a consumer debt.

17. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

18. Beginning in or around February 2013, Defendant, by and through its employees, continuously and repeatedly contacted Plaintiff on her home telephone seeking and demanding payment of an alleged debt.

19. During this period, Defendant contacted Plaintiff on her home telephone, on average, once a day.

20. Upon information and belief, when contacting Plaintiff, Defendant used an automated dialer, which caused Plaintiff to receive repetitive and continuous collection calls.

21. On more than one occasion, Plaintiff spoke with Defendant's collectors to tell them to stop calling her and only to communicate with her in writing. In response, Defendant's collectors told Plaintiff, "No."

22. While Plaintiff did not send a letter expressing her instructions, she made it clear that the calls were unwelcome, that the calls were inconvenient for her to receive and that she would not speak with Defendant's collectors by telephone.

23. Plaintiff also told Defendant she disputed owing the alleged debt.

24. Having been told that Plaintiff was unwilling to speak to Defendant's collectors by telephone, Defendant knew that continued calls would only be upsetting and harassing if placed and continued to call anyway.

25. Upon information and belief, Defendant never investigated Plaintiff's dispute of the debt.

26. When calls continued, Defendant was advised that Plaintiff lacked sufficient funds to pay and that her husband suffered from serious health issues

which required attention and the entirety of her family's limited financial resources, to which Defendant proposed for Plaintiff to borrow money from friends or family.

27. Defendant also claimed that failure to pay the alleged debt could affect Plaintiff's credit, which was taken to mean that if reported, it would not be listed as "disputed" as required by law.

28. Outraged by the continued harassment and threats, Plaintiff terminated the last call she received and has refused to speak with Defendant further.

29. Most recently, Defendant call Plaintiff on February 16, 2013, and then again on February 17, 2013.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone

conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §1692d and §1692d(5) of the FDCPA when it harassed Plaintiff in connection with the collection of an alleged debt, by calling her almost every day, in addition to continuing to call Plaintiff after she instructed them to stop calling her.

## COUNT II

a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including collecting a debt from Plaintiff which she had disputed, not looking into her dispute of the debt, continuing to call her about a disputed debt, and telling her to borrow money from friends or family to pay this disputed debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHELE GIACOMO, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHELE GIACOMO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/10/2013        KIMMEL & SILVERMAN, P.C.

By /s/ *Craig Thor Kimmel*
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com